MARK WRAY, #4425
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
mwray@markwraylaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SIERRA NATIONAL CORPORATION, dba THE LOVE RANCH; and BARRETT ENTERPRISES GROUP,

Plaintiffs,

vs.

CASH PROCESSING SERVICES, LLC, dba WORLD FAMOUS MUSTANG RANCH,

Defendants.
_____________________________________/

Case No.

**COMPLAINT**

COME NOW Plaintiffs Sierra National Corporation, dba The Love Ranch and Barrett Enterprises Group, by their counsel, Mark Wray, and for their Complaint against Defendant Cash Processing Services, LLC, dba World Famous Mustang Ranch allege:

Jurisdiction

1. This Court has federal question subject matter jurisdiction over this action under the provisions of 15 U.S.C. § 1121(original jurisdiction over Lanham Act claims), 28 U.S.C. § 1331 (federal question), and § 1338 (jurisdiction to adjudicate claims of

federal trademark infringement and related unfair competition claim) because this Complaint alleges violations of federal trademark law.

2. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), as the state law claims are so related to those claims for which original jurisdiction with this Court lies that they form part of the same case or controversy under Article III of the United States Constitution.

Venue

3. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted here occurred in this judicial district and because the Defendant is subject to personal jurisdiction within this district.

Parties

4. Plaintiff Barrett Enterprises Group (hereafter, “Barrett”), is a corporation duly organized and existing under the laws of the State of Nevada with a principal place of business in Lyon County, Nevada.

5. Plaintiff Sierra National Corporation (hereafter, “Sierra National”) is a corporation duly organized and existing under the laws of the State of Nevada and doing business as The Love Ranch and Love Ranch North, with a principal place of business in Lyon County, Nevada.

6. Defendant Cash Processing Services, LLC (hereafter, “Mustang”) is a limited liability company duly organized and existing under the laws of the State of Nevada and doing business as World Famous Mustang Ranch in Storey County, Nevada.

Facts Common to All Claims

7. On April 22, 2008, Barrett applied for trademark registration of the words “Love Ranch” and since April 7, 2009, Barrett has been the registered owner of the trademark of the words “Love Ranch,” under Reg. No. 3,604,079, issued by the U.S. Patent & Trademark Office in Class 45, escort services.

8. Barrett's ownership and exclusive right to use the "Love Ranch" mark are now incontestable in accordance with 15 U.S.C. §1065.

9. Sierra National owns and operates a legal, duly licensed brothel located at 95 Kit Kat Road in Lyon County, Nevada under the business names "Love Ranch" and "Love Ranch North."

10. Barrett and Sierra National are affiliates sharing common ownership.

11. Barrett has licensed or otherwise authorized use of its trademark "Love Ranch" by its affiliate, Sierra National.

12. "Love Ranch" and "Love Ranch North," are distinctive marks within the brothel industry that uniquely identify Sierra National's licensed brothel in Lyon County.

13. Sierra National has been engaged in the brothel business in Lyon County using the distinctive trademark "Love Ranch" and tradename "Love Ranch North" since 2008.

14. Plaintiffs have invested significant sums of money in advertising and marketing efforts to promote the drawing power and commercial value of the "Love Ranch" trademark and the tradename "Love Ranch North."

15. By virtue of the good will and reputation associated with the use of "Love Ranch" and "Love Ranch North," and Plaintiffs' extensive and use of the marks for many years, "Love Ranch" and "Love Ranch North" have developed strong secondary meaning and significance in the minds of the public.

16. "Love Ranch" and "Love Ranch North" have become famous marks with substantial name recognition in many channels of trade.

17. Barrett and Sierra National have an official website on the internet under the domain name www.loveranch.net that is used to market Plaintiffs' services to the public.

18. Plaintiffs' internet website www.loveranch.net is a vital part of Plaintiffs' business and a primary form of communication and marketing to its customers and potential customers.

19. Approximately 15 miles from the Love Ranch North brothel is the Mustang brothel, a direct competitor of Plaintiffs which is operated by a competing brothel owner, Defendant Cash Processing Services, LLC.

20. Defendant is not now and has never been authorized by Plaintiffs to use, and has never been entitled to use, the trademark "Love Ranch" or tradename "Love Ranch North."

21. Defendants have no license from Plaintiffs or other permission to use the internet domain name "Love Ranch North."

22. Plaintiffs are informed and believe that one or more Defendants caused the domain names www.loveranchnorth.com and www.loveranchnorth.net (hereafter, "Infringing Domain Names") to be registered as internet web addresses through Domains By Proxy, LLC.

23. Domains by Proxy, LLC offers domain privacy services by delegating responsibility for administering and maintaining the domain name to GoDaddy.com, an ICANN approved registrar.

24. As its name indicates, Domains by Proxy, LLC allows people to register websites while keeping the domain owners' personal information secret.

25. Plaintiffs are informed and believe that without the prior knowledge, permission, or consent of Plaintiffs, the Defendant caused Domains by Proxy, LLC to register the Infringing Domain Names on behalf of Defendant for the intended purpose of carrying out Defendant's scheme of unlawfully trading upon the famous trademark name and good will of Plaintiffs' business.

26. Plaintiffs are further informed and believe that Defendant caused the Infringing Domain Names to be linked to Defendant's website homepage for its Mustang brothel, so that members of the public attempting to locate the webpage for Love Ranch North and entering the domain names www.loveranchnorth.com and www.loveranchnorth.net into their internet search engines are taken directly to

Defendant's homepage for the Mustang brothel instead of the official website for Love Ranch North's brothel.

27. Plaintiffs are informed and believe that the Defendant caused the Infringing Domain Names to be registered to intentionally cause initial interest confusion and thereby to deceive the public and mislead customers of Love Ranch North into doing business with Defendant.

28. Plaintiffs are further informed and believe that the Defendant uses the Infringing Domain Names to pass off the Mustang brothel as being affiliated with Plaintiffs' brothel.

29. By using the Infringing Domain Names, Defendant is falsely asserting that its brothel is the Love Ranch North and/or part of the Love Ranch North and/or affiliated with Love Ranch North.

30. Defendant has no current or prior right to use of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

31. The domain names www.loveranchnorth.com and www.loveranchnorth.net encompass the entirety of Plaintiffs' trademark "Love Ranch," are confusingly similar to Plaintiffs' mark, and are identical to the tradename of Plaintiffs' brothel.

32. Based on the domain name and its content, there is a substantial likelihood that any viewer who visits the www.loveranchnorth.com and www.loveranchnorth.net websites will be confused into believing that it is the official website for Plaintiffs' brothel and that it is operated by Plaintiffs or under license from Plaintiffs or that it otherwise has some official connection to Plaintiffs' business.

33. Confusion is likely because the Infringing Domain Names include the names of Plaintiffs' brothel and Defendant offers brothel services similar to the brothel services of Plaintiffs, in close physical proximity to Plaintiffs' business.

34. Defendant has adopted the name of Plaintiffs' business in its internet domain name to obtain an illegal advantage from Plaintiffs' trademark, and with the bad

faith intent to profit from the goodwill, fame and reputation associated with Plaintiffs' mark.

35. Defendant's use of the Infringing domains is likely to cause initial interest confusion in the minds of the public who seek to find Plaintiffs' business on the internet.

36. Defendant is profiting by the diversion of traffic seeking the official Love Ranch website and reducing the profits of Plaintiffs by reducing the visitors to Plaintiffs' website.

37. As a result of Defendant's acts, Plaintiffs will sustain great and irreparable injury in that Plaintiffs will lose substantial audience, revenues, and goodwill, that cannot be replaced.

38. Plaintiffs cannot be fully compensated in damages and are without an adequate remedy at law because the exact amount of damage they will sustain, injury to their business reputation and good will, will be difficult to determine.

FIRST CLAIM FOR RELIEF

(Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

39. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint by reference herein as though set forth in full at this point.

40. Plaintiffs' trademark "Love Ranch" is a distinctive and famous mark, and was a distinctive and famous mark at the time the Infringing Domain Names were registered by Defendant, and at all other times relevant here, pursuant to the Anticybersquatting Consumer Protection Act of 1999, 15 U.S.C § 1125(d).

41. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the Defendant had, and continues to have, a bad faith intent to profit from the trademark "Love Ranch," which is protected as a distinctive mark under 11 U.S.C. §1125(d)(1). Specifically, Defendant registered the Infringing Domain Names without the prior knowledge, permission or consent of Plaintiffs, and is using the domain name to unlawfully divert business from Plaintiffs to Defendant.

42. Plaintiffs are therefore entitled to judgment from this Court compelling Defendant to transfer all ownership of the domain names www.loveranchnorth.com and www.loveranchnorth.net to Plaintiffs, or in the alternative, cancellation of the Infringing Domain Names, pursuant to 11 U.S.C. §1125(d)(1)(C).

43. Plaintiff is further entitled to a preliminary and permanent injunction enjoining Defendant, and all those acting in concert with Defendant, from any use of the Infringing Domain Names, pursuant to 11 U.S.C. §1116(a).

44. Plaintiff is further entitled to a judgment from this Court awarding Plaintiffs all actual damages proximately caused by Defendant's conduct, or, in the alternative, statutory damages of not less than $1,000 and not more than $100,000, as the Court considers just, and an award of attorneys fees, pursuant to 15 U.S.C. §1117(a), (d).

SECOND CLAIM FOR RELIEF

(Federal Trademark Infringement, 15 U.S.C. §1114(1))

45. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint by reference herein as though set forth in full at this point.

46. Defendant has infringed the trademark "Love Ranch" by using the Infringing Domain Names and otherwise using the mark in connection with Defendant's operation of its infringing website to obtain an advantageous gain or return.

47. Defendant's acts were intended to deceive the public and constitute violations of 15 U.S.C. §1114(1)(a) and (b).

48. Plaintiffs have been and will continue to be damaged by Defendant's infringement of the trademark.

49. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, severe, immediate and irreparable injury for which they have no adequate remedy at law.

50. Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendant, and those acting in concert with Defendant, enjoining them to cease and

desist from using the trade name "Love Ranch North" and to terminate the use of the domain names www.loveranchnorth.com and www.loveranchnorth.com.

51. Plaintiff is further entitled to a judgment from this Court awarding Plaintiffs all actual damages proximately caused by Defendant's conduct, or, in the alternative, statutory damages of not less than $1,000 and not more than $100,000, as the Court considers just, and an award of attorneys fees, pursuant to 15 U.S.C. §1117(a), (d).

THIRD CLAIM FOR RELIEF

(False Designation or Representation Pursuant to the Lanham Act, 15 U.S.C. §1125(a))

52. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint by reference herein as though set forth in full at this point.

53. Defendant has expressly and impliedly made false designations in registering the domain names www.loveranchnorth.com and www.loveranchnorth.net and in using the domain name for a commercial purpose, namely, diverting customers and business from Plaintiffs to Defendant.

54. The false designations or representations include, without limitation, the false representation that Plaintiffs endorse, sponsor, operate and/or are affiliated with the domain names www.loveranchnorth.com and www.loveranchnorth.net and any and all information, products and services offered on any website located at this domain name.

55. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the conduct of the Defendant has caused, and is continuing to cause, confusion among internet users in that persons accessing the domain names www.loveranchnorth.com and www.loveranchnorth.net are led to believe that such domain names, and any websites accessed by using those domain names, are owned, operated, sponsored, endorsed by, and/or affiliated with Plaintiffs, which they are not. Moreover, internet users are further led to believe that if Plaintiffs do not operate a website on the domain names www.loveranchnorth.com and www.loveranchnorth.net, Plaintiffs must not have a domain name of their own.

56. Unless enjoined and restrained by order of this Court, the continuing acts of Defendant will cause Plaintiffs irreparable injury, which cannot adequately be compensated by money damages.

57. Plaintiffs are entitled to preliminary and permanent injunctive relief, enjoining Defendant, and those acting in concert with Defendant, from any use of the Infringing Domain Names and further compelling Defendant to transfer ownership in the domain name to Plaintiffs, or in the alternative, cancellation of the domain name.

58. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that as a direct and proximate result of the wrongful conduct by the Defendant, Plaintiffs have suffered and will continue to suffer general and special damages, and loss of earnings and profits, in an amount that has yet to be ascertained and will be shown according to proof at trial.

FOURTH CLAIM FOR RELIEF

(Federal Trademark Dilution, 15 U.S.C. §1125(c))

59. Plaintiffs incorporate the preceding paragraphs of this Complaint by reference herein as though set forth in full at this point.

60. As a result of the duration and extent of use of the "Love Ranch" trademark and "Love Ranch North" tradename by Plaintiffs, the duration and extent of advertising and publicity of the marks by Plaintiffs, the geographical extent of the customers for Plaintiffs' services, and the unique nature and degree of recognition of the marks, the "Love Ranch" trademark has achieved an extensive degree of distinctiveness and is a famous trademark.

61. As a result of Defendant's use of Plaintiffs' trademark as a domain name, Defendant is diluting the distinctive quality of the mark.

62. The above-described conduct of Defendant is causing Plaintiffs irreparable injury and Plaintiffs lack an adequate remedy at law.

63. Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendant, and those acting in concert with Defendant, to cease and desist from further diluting the trademark by ceasing all further use of the Infringing Domain Names.

FIFTH CLAIM FOR RELIEF

(Deceptive Trade Practices)

64. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint by reference herein as though fully set forth at this point.

65. Defendant's conduct constitutes Deceptive Trade Practices pursuant to NRS 41.600(2)(e) and NRS 598.0915.

66. The actions of Defendant are deceptive trade practices, as defined in NRS 598.0915(1), (2), (3), (4), (5) and (15), in that the Defendant, in the course of a business or occupation:

(1) Knowingly passed off goods or services for sale or lease as those of Sierra National;

(2) Knowingly made a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease;

(3) Knowingly made a false representation as to affiliation, connection, association with or certification by another person;

(4) Used deceptive representations or designations of geographic origin in connection with goods or services for sale or lease;

(5) Knowingly made a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; and

(15) Knowingly made any other false representation in a transaction.

67. Plaintiffs are informed and believe that as a direct and proximate result of Defendant's deceptive trade practices, Plaintiffs have suffered special, compensatory and general damages, which they are entitled to recover pursuant to NRS 41.600(3)(a).

68. The acts and conduct of Defendant were willful, malicious, fraudulent and oppressive, justifying an award of exemplary or punitive damages in a sum to be shown according to proof.

69. Pursuant to NRS 41.600(3)(b), Plaintiffs are entitled to equitable relief in the form of an order enjoining Defendant, and those acting in concert with Defendant, to cease and desist from using the Infringing Domain Names.

70. Pursuant to NRS 41.600(3)(c), in the event Plaintiffs prevail in this action, Plaintiffs are entitled to an award of costs and reasonable attorneys fees.

SIXTH CLAIM FOR RELIEF

(Interference with Prospective Economic Advantage)

71. Plaintiffs incorporate the preceding paragraphs of this Complaint by reference herein as though set forth in full at this point.

72. Plaintiffs enjoy a prospective contractual relationship with members of the public seeking to use the services of Plaintiffs' brothel, including both customers and prospective customers.

73. Defendant is aware of the prospective contractual relationship between Plaintiffs and users and prospective users of Plaintiffs' brothel.

74. Defendant has willfully and maliciously interfered with Plaintiffs' prospective economic relationship with customers and prospective customers with the intent to harm Plaintiffs by disrupting and preventing that relationship.

75. Defendant has acted without privilege or justification to interfere with Plaintiffs' prospective economic advantage with its customers and potential customers.

76. As a direct and proximate result of Defendant's intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have been damaged in a sum to be shown according to proof.

77. Defendant's acts are malicious, oppressive and fraudulent, intended deliberately to cause injury to Plaintiffs, and thereby justify an award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray:

1. For special, general and compensatory damages in a sum to be shown according to proof;

2. For an order awarding statutory damages;

3. For a preliminary and permanent injunction enjoining Defendant Cash Processing Services, LLC, and those acting in concert with Defendant, to cease and desist from using the domain names www.loveranchnorth.com and www.loveranchnorth.net;

4. For an order directing Defendants to transfer the domain names www.loveranchnorth.com and www.loveranchnorth.net to Plaintiffs;

5. For exemplary or punitive damages in a sum to be shown according to proof;

6. For reasonable attorneys fees;

7. For costs of suit; and

8. For all other appropriate relief.

*The undersigned certifies that the foregoing document does not contain the Social Security number of any person.*

DATED:  July 10, 2017             LAW OFFICES OF MARK WRAY


                                  By  /s/ Mark Wray
                                        MARK WRAY
                                  Attorneys for Plaintiffs
                                  SIERRA NATIONAL CORPORATION
                                  and BARRETT ENTERPRISES GROUP